[Cite as *State v. Cross*, 2018-Ohio-4606.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 106728

---

## STATE OF OHIO

### PLAINTIFF-APPELLEE

vs.

## CHARLES CROSS

### DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-17-617948-A

**BEFORE:** Jones, J., E.A. Gallagher, A.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** November 15, 2018

**ATTORNEY FOR APPELLANT**

Allison S. Breneman
1220 West 6th Street, Suite 203
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

BY: Owen M. Patton
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

{¶1} Defendant-appellant Charles Cross ("Cross") appeals the trial court's decision to impose consecutive sentences on his attempted rape and burglary convictions. We affirm.

{¶2} In 2017, Cross was indicted on four counts of rape, two counts of gross sexual imposition, and one count of burglary. He entered into plea negotiations with the state of Ohio and agreed to plead guilty to one count of attempted rape and one count of burglary. He also agreed that he would be required to register as a Tier III sex offender.

{¶3} The court referred Cross to the probation department for a presentence investigation report. The court subsequently held a sentencing hearing. The victim spoke at sentencing. The court sentenced Cross to eight years on each count to be served consecutive to each other for a total sentence of 16 years in prison.

{¶4} It is from this judgment that Cross appeals, raising one assignment of error for our

review: "I. The trial court erred by imposing consecutive sentences."

{¶5} In his sole assignment of error, Cross contends that the trial court erred when it imposed consecutive sentences on his burglary and attempted rape convictions. Cross concedes that the court articulated the requisite factors to impose consecutive sentences on the record. Instead, he complains that the facts do not support the imposition of consecutive sentences. We take this to be a claim that "the record does not support the sentencing court's findings." R.C. 2953.08(G)(2);[1] *see State v. Bush*, 8th Dist. Cuyahoga No. 106392, 2018-Ohio-4213, ¶ 24.

{¶6} A trial court must make specified findings pursuant to R.C. 2929.14(C)(4) before it imposes consecutive sentences. *State v. Magwood*, 8th Dist. Cuyahoga No. 105885, 2018-Ohio-1634, ¶ 62. The court must find: consecutive terms are required to protect the public from future crime or to punish the offender, (2) consecutive terms are not disproportionate to the seriousness of the conduct and danger posed to the public, and (3) either the offender committed at least one offense while awaiting trial or sentencing that multiple offenses were part of a course of conduct, and the harm caused was so great or unusual that a single term does not adequately reflect the seriousness of the offender's conduct, or that the offender's criminal history is such that consecutive terms are necessary to protect the public. R.C. 2929.14(C)(4); *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 22, 26.

{¶7} The trial court made the finding that consecutive sentences were required to protect the public from future crime based on Cross's previous convictions, that the victim was his neighbor, and that he gained access to the victim's apartment at night.

{¶8} The court also made the finding that consecutive sentences were not

---

[1]This court may disturb a felony sentence only if we clearly and convincingly find that either "the record does not support the sentencing court's findings" or "the sentence is otherwise contrary to law." R.C. 2953.08(G)(2).

disproportionate to the seriousness of the offender's conduct or to the danger he poses to the public. The court again noted that the crime occurred at night, that the victim was someone who trusted Cross, and that although Cross pleaded guilty to an attempted rape, the victim told the court that he did indeed rape her.

{¶9} Finally, the court found that Cross's history of criminal conduct, which included sexual battery,[2] breaking and entering, theft, trafficking, and escape, demonstrated that consecutive sentences were necessary to protect the public from future crimes by the offender.

{¶10} We further find that there is sufficient evidence in the record to support consecutive sentences. Cross and the victim were neighbors and had known each other for a few years. Cross had access to the victim's apartment and walked her dogs twice a day; in fact, he had been in her apartment earlier in the day on the day of the attack. Cross knew that the victim's dogs would not alert the victim when he broke into her apartment because the dogs were familiar with him. Cross often ran errands for the victim and checked up on her. On the night of the attack, the victim was sleeping when Cross came into her apartment and forced penile-vaginal penetration on the victim while his own wife slept in their apartment below. The victim explained to the court the lasting psychological trauma the attack had on her.

{¶11} In light of the above, the trial court did not err in imposing consecutive sentences.

{¶12} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas

---

[2] The trial court initially stated that Cross had a past rape conviction. The state told the court the conviction was for sexual battery. The court noted its misstatement and that the past conviction was for sexual battery, but "having considered that, the court's judgment remains the same."

court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

EILEEN A. GALLAGHER, A.J., and
ANITA LASTER MAYS, J., CONCUR